RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  12/28/05
BY  ✒︎DB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| OLGUNDE JOHNSON,[1]<br>Petitioner | CIVIL ACTION<br>NO. CV05-0764-M |
| VERSUS | |
| DIRECTOR OF IMMIGRATION AND<br>CUSTOMS ENFORCEMENT, et al.,<br>Respondent | JUDGE ROBERT G. JAMES<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a habeas petition filed pursuant to 28 U.S.C. § 2241, in forma pauperis, by pro se petitioner Olgunde Johnson ("Johnson") on August 12, 2005. Johnson, a native of Ghana and citizen of Nigeria, entered the United States on August 5, 2003; Johnson was immediately taken into custody by the United States Immigration and Customs Enforcement ("USICE") for attempting to enter the United States with false documents and has been detained since then. Johnson has since been ruled inadmissible due to a recurring mental problem and was ordered removed on May 3,

---

[1] It is noted that Johnson's documents show his name is Johnson Olgunde, Johnshon Olgunde, Olgunde Johnshon, and Johnson Oladale Olgunde (Docs. 1, 15). In a recorded interview, Johnson state his true and correct name is Johnson Olgunde (Doc. 15, Ex.).

2004. Johnson is contesting his continued detention pending removal from the United States, contending there is not a substantial likelihood that he will be removed in the reasonably foreseeable future.

Both Ghana and Nigeria have refused to issue travel documents for Johnson (Doc. Item 15, Ex.). Johnson also requested and was denied travel documents from Kenya and the Philippines (Doc. 1, Ex.; Doc. 14, Ex.), and has requested and been refused asylum in the Netherlands, the Federal Republic of Germany, Saint Lucia, Great Britain, Switzerland, and Denmark (Resp. Ex.). Since Nigeria denied Johnson travel documents, Ghana has agreed to reconsider Johnson on the condition that his birth certificate is authenticated. The Respondent is currently awaiting authentication of Johnson's birth certificate from Ghana.

The presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future." After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. For detention to remain reasonable as the period of prior postremoval confinement grows, what counts as the

"reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 2505 (2001). Also, Clark v. Martinez, 542 U.S. 371, 125 S.Ct. 716 (2005).

In the case at bar, Johnson has shown he has been detained for two years, a presumptively unreasonable period under Zadvydas. The Respondent has shown that it's efforts to find a country willing to accept Johnson have been ongoing, and that it is currently awaiting a determination as to the authenticity of Johnson's Ghana birth certificate. According to the affidavit of Ramey Billeyh, a Deportation Officer employed by USICE, Consul Klu (Ghana) stated on July 26, 2005, that authenticating Johnson's birth certificate could take months (Doc. Item 15, Exs.). However, the Respondent has not stated what it plans to do when notified as to whether the birth certificate is authentic or not, or how long those plans will take to implement. The fact is the Respondent's efforts thus far have taken a presumptively unreasonable amount of time and will admittedly take much longer, and the Respondent has not been able to indicate which country it will be able to remove Johnson to.

Therefore, the Respondent has failed to rebut the presumption

3

that Johnson's detention has been unreasonably long with a showing that Johnson will be removed in the reasonably foreseeable future. It will be recommended that Johnson's habeas petition be granted so that Johnson may be conditionally released pending removal from this country.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Johnson's petition for writ of habeas corpus be GRANTED and that Johnson be conditionally released pending removal from the United States.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM**

**ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ____ day of December, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE